```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

CRYSTAL LEE,                      §
                                  §
          Plaintiff,              §
                                  §
v.                                §
                                  §   CIVIL ACTION NO. H-07-0955
DOLLAR TREE STORES, INC.,         §
JEFF SCHOCH, and                  §
KRISTI VEIL VALDEZ GREEN,         §
                                  §
          Defendants.             §
```

MEMORANDUM AND ORDER

Pending is Plaintiff Crystal Lee's Opposed Motion to Abstain and to Remand (Document No. 4). After carefully considering the motion, response, and the applicable law, the Court concludes that the motion should be denied.

I. Background

This is an employment discrimination case under Chapter 21 of the Texas Labor Code, Section 21.001 *et seq.* Plaintiff Crystal Lee ("Plaintiff"), a citizen of Texas, filed suit in state court against her former employer, Defendant Dollar Tree Stores, Inc. ("Dollar Tree"), a corporation with its principal place of business in and incorporated in Virginia, *see* Document No. 1 ex. 1 ¶ 3, and two of its managers, Defendants Kristi Veil Valdez Green ("Green"), and Jeff Schoch ("Schoch") (collectively with Dollar Tree,

1

"Defendants"), both of whom are citizens of Texas, asserting that Defendants discriminated against her and wrongfully terminated her employment on the basis of gender. Document No. 1 ex. 3 ¶ 13. Plaintiff contends that upon informing her supervisor, Green, that she was pregnant, Green responded "that she would no longer be considered for promotion to Assistant Manager." Id. Over the course of the next two months, Green allegedly "insulted [Plaintiff] in front of customers, making disparaging remarks about the pregnancy." Id. Plaintiff further alleges that Schoch instructed Green to terminate Plaintiff, and that, upon informing Plaintiff of her termination, Green "acknowledged that the termination was due to [her] pregnancy." Id. Plaintiff seeks recovery of front and back pay, costs, reasonable attorneys' fees, and exemplary damages. Id. ¶¶ 13, 21.

Defendant removed the case on the basis of diversity jurisdiction. Plaintiff now moves to remand, contending: (1) removal was improper because not all Defendants joined in the removal; (2) diversity is lacking because Plaintiff, Schoch, and Green are all citizens of Texas; and (3) the amount in controversy is insufficient to support jurisdiction. Document No. 4 at 1-2.

## II.  Standard of Review

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction. 28 U.S.C.

§§ 1332(a), 1441(b).  Federal district courts have diversity jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." Id. § 1332(a).  When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing jurisdiction and the propriety of removal rests upon the defendant.  *See* Miller v. Diamond Shamrock Co., 275 F.3d 414, 417 (5th Cir. 2001); Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).  Any doubt as to the propriety of the removal must be resolved in favor of remand.  *See* In re Hot-Hed Inc., 477 F.3d 320, 323 (5th Cir. 2007)(citing Carpenter, 44 F.3d at 366).

### III.  Discussion

A.  Consent to Removal

Plaintiff challenges removal on the basis that Defendants Schoch and Green "have neither filed a notice of removal with this Court nor informed the Court of a consent to or joinder in the removal action filed." Document No. 4 at 1.  However, the general rule that all defendants must consent to removal does not apply to those defendants whose joinder is alleged to be improper.  *See* Rico v. Flores, 481 F.3d 234, 239 (5th Cir. 2007)(citing Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993)(per curiam)); Alonso ex rel. Estate of Cagle v. Maytag Corp., 356 F. Supp. 2d

757, 760 (S.D. Tex. 2005)(Hittner, J.). To hold otherwise "would be nonsensical, as removal in these cases is based on the contention that no other proper defendant exists." Jernigan, 989 F.2d at 815. Here, the notice of removal asserts that non-diverse Defendants Schoch and Green were improperly joined, *see* Document No. 1 ¶¶ 7-12, and therefore the consent of these Defendants was not required to perfect removal.

B.  Improper Joinder

A defendant alleging improper joinder has the heavy burden of demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (quoting Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); *see also* Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002) (describing the "heavy burden" on the party asserting improper joinder). Under the second prong, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See* Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 1825 (2005). Ordinarily, the court must conduct a Rule 12(b)(6)-type analysis, examining the

allegations in the complaint to determine whether the plaintiff has stated a claim against the non-diverse defendants. *See* Larroquette v. Cardinal Health 200, Inc., 466 F.3d 373, 376 (5th Cir. 2006) (citing Smallwood). If, however, the complaint has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary injury." Id.

No summary inquiry is required in this case, because it is apparent on the face of the complaint that Plaintiff's TCHRA claim against Green and Schoch fails as a matter of law. By its express terms, the TCHRA only authorizes actions against an *employer*. *See* TEX. LAB. CODE § 21.051; City of Austin v. Gifford, 824 S.W.2d 735, 742 (Tex. App.--Austin 1992, no writ). Consequently, "Texas federal and state courts have uniformly denied recovery for TCHRA claims against individual supervisors and fellow employees." Swafford v. Bank of Am. Corp., 401 F. Supp. 2d 761, 763 (S.D. Tex. 2005)(Rosenthal, J.); *see also* Erves v. City of Dallas, No. Civ. A. 303CV0096'N, 2004 WL 904122, at *7 (N.D. Tex. Apr. 27, 2004); McCoy v. Tex. Instruments, Inc., 183 S.W.3d 548, 552 n.3 (Tex. App.--Dallas 2006, no pet.); Winters v. Chubb & Son, Inc., 132 S.W.3d 568, 580 (Tex. App.--Houston [14th Dist.] 2004, no pet.); Jenkins v. Guardian Indus. Corp., 16 S.W.3d 431, 469 (Tex. App.--Waco 2000, pet. denied); Benavides v. Moore, 848 S.W.2d 190, 198 (Tex. App.--Corpus Christi 1992, writ denied). It is undisputed that Schoch and Green were employees and managers of Dollar Tree. Accordingly,

Plaintiff has no reasonable basis for recovering on her TCHRA claim against them, and their citizenship is disregarded for jurisdictional purposes. *Cf.* Marabella v. Autonation U.S.A. Corp., 88 F. Supp. 2d 750, 752 (S.D. Tex. 2000) (Kent, J.) (similarly rejecting a TCHRA claim brought against a non-diverse defendant supervisor and denying remand). The only other Defendant, Dollar Tree, is a Virginia corporation with its principal place of business in Virginia. Document No. 1 ex. 1 ¶ 3. Because Plaintiff is a citizen of Texas, there is complete diversity of citizenship.

C.   Amount in Controversy

Plaintiff also contends that her damages do not meet the jurisdictional threshold. The original petition alleges that "Defendants' wrongful conduct caused substantial damages . . . , which damages are greatly in excess of $10,000." Id. ex. 3 ¶ 13. Elsewhere in the petition, Plaintiff asserts claims for lost front and back pay, costs, attorney's fees, and exemplary damages. Id. ¶¶ 21, 22. In her motion for remand, Plaintiff characterizes her pleading of damages "greatly in excess of $10,000," as "liquidated damages." Without citing any supporting authority, she further asserts that "[j]urisdiction based on diversity of citizenship must be conferred by the amount of liquidated damages requested solely in the Plaintiff's pleadings." Document No. 4 at 2. Plainly, the claim for "greatly in excess of $10,000" is the *minimum* quantum of

6

damages sought, and cannot reasonably be construed as limiting Plaintiff's damages to a particular sum.  The original petition therefore does not specify an amount of damages.

"In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."  St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also* White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003)(per curiam).  "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount."  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000); *see also* White, 319 F.3d at 675.  If the defendant satisfies its burden, a plaintiff may defeat removal by proving to a legal certainty that the damages sought are less than $75,000.  *See* De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

Plaintiff alleges that she was told she would no longer be considered for promotion when she told her supervisor she was pregnant, and then Plaintiff was on several occasions publicly insulted and disparaged because of her pregnancy before she was ultimately discharged.  Serious misconduct like this, if proven, may entitle Plaintiff to her prayed-for punitive damages, a fact

that must be considered when determining the amount in controversy. TEX. LAB. CODE § 21.585(b); St. Paul Reinsurance Co., Ltd., 134 F.3d at 1253 & n.7 (noting the relevance of punitive damages when assessing whether diversity jurisdiction is proper). According to its corporate counsel, Dollar Tree has more than 500 employees, which, under Section 21.2585(d)(4) of the Texas Labor Code, subjects Dollar Tree to potential liability for up to $300,000 in compensatory and punitive damages--an amount well above the jurisdictional minimum. Document No. 1 ex. 1 ¶ 4; TEX. LAB. CODE § 21.2585(d)(4); *see also* Acosta v. Drury Inns, Inc., 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005)(viewing plaintiff's entitlement to exemplary damages under § 21.2585(d)(4) together with the other categories of damages sought, and concluding that the amount in controversy was likely to exceed the jurisdictional threshold). Recovery for attorney's fees provided under the TCHRA is also properly considered as a component of Plaintiff's damages. *See* H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc., 227 F.3d 326, 330 (5th Cir. 2000); TEX. LAB. CODE § 21.259 (providing for attorney's fees). Defendant has produced evidence showing that as long ago as 1990, the billing rate claimed by Plaintiff's lead counsel (among her three attorneys) was $380 an hour, and Defendant plausibly asserts that all three of Plaintiff's counsel seventeen years later, in 2007, are likely to bill at a rate at least equal to this amount. Document No. 6 at 5. Additionally, Plaintiff seeks

equitable relief in the form of back pay from the date of her termination over one year ago. Document No. 1 ex. 3 ¶ 21; TEX. LAB. CODE § 21.258(b)(1)(authorizing an equitable award of back pay). Based on the allegations in the petition and the additional uncontroverted evidence submitted by Defendant, the Court concludes from a preponderance of the evidence that Plaintiff's claims for lost wages, for front pay, for attorneys' fees, and for punitive damages, establish the likelihood that the total amount in controversy in the aggregate is in excess of $75,000, exclusive of interest and costs. The Court therefore has diversity jurisdiction.

## IV.  Order

For the foregoing reasons, it is

ORDERED that Plaintiff's Motion to Abstain and Remand (Document No. 4) is DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 21st day of May, 2007.

*[signature]*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE