IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRYSTAL LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-07-0955 |
| DOLLAR TREE STORES, INC., | § | |
| JEFF SCHOCH, and | § | |
| KRISTI VEIL VALDEZ GREEN, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Dollar Tree Stores, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 9). After considering the motion, response, reply, and the applicable law, the Court concludes that the motion should be granted.

The background of this suit and the identities of the parties may be found in the Court's Memorandum and Order dated May 21, 2007. This is an employment discrimination suit brought under Chapter 21 of the Texas Labor Code, Section 21.001 *et seq.,* by Plaintiff Crystal Lee ("Plaintiff") against her former employer, Defendant Dollar Tree Stores, Inc. ("Defendant").[1] Plaintiff alleges that after Defendant learned of her pregnancy, Defendant unlawfully harassed and discriminated against her on the basis of

---

[1] Plaintiff also sued two of Defendant's managers, Kristi Veil Valdez Green and Jeff Schoch, but their joinder was improper and Plaintiff's action against them failed as a matter of law. *See* Memorandum and Order, May 21, 2007 (Document No. 8).

her sex and ultimately terminated her, in violation of the Texas Commission on Human Rights Act ("TCHRA").  Defendant moves to dismiss Plaintiff's suit for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), arguing both that (1) Plaintiff's claims are time-barred because she did not file her Charge of Discrimination within 180 days after the date of the alleged unlawful employment practices; and (2) Plaintiff failed to exhaust her administrative remedies because she did not receive a right to sue letter or wait 180 days after filing her Charge before she filed this lawsuit.

Under Federal Rule of Civil Procedure 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction.  FED R. CIV. P. 12(b)(1).  The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. *See* Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002).  In evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The question of subject matter jurisdiction is for the court to decide even if the question hinges on legal or factual determinations. *See* id.  When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging

the court's jurisdiction is a factual attack.  Paterson v. Wein-
berger, 644 F.2d 521, 523 (5th Cir. 1981).  A plaintiff responding
to a factual attack on the court's jurisdiction generally bears the
burden of proving by a preponderance of the evidence that the court
has subject matter jurisdiction.  Id.  "Ultimately, a motion to
dismiss for lack of subject matter jurisdiction should be granted
only if it appears certain that the plaintiff cannot prove any set
of facts in support of his claim that would entitle plaintiff to
relief."  Ramming, 281 F.3d at 161.

Defendant first contends that Plaintiff's TCHRA claims are
barred by limitations because Plaintiff did not file her Charge of
Discrimination within 180 days after the alleged unlawful
employment practices.  The Texas Labor Code provides that a
plaintiff must file a charge of discrimination with the Texas
Workforce Commission ("TWC") within 180 days of the allegedly
discriminatory act.  TEX. LAB. CODE § 21.202(a); see also Pegram v.
Honeywell, Inc., 361 F.3d 272, 278-79 (5th Cir. 2004).  Plaintiff
claims that she was sexually harassed during her employment, and
she was discriminated against when Defendant terminated her
employment on April 18, 2006, which is the last date that Defendant
allegedly committed any unlawful employment practice against
Plaintiff.  See Document No. 1 ex. 3 ¶ 13.  In support of its
motion to dismiss, Defendant submits Plaintiff's Charge of
Discrimination, which bears a date stamp of October 25, 2006--more

than 180 days after Plaintiff's termination.   Hence, Defendant

argues, Plaintiff's TCHRA claims are barred by limitations and must

be dismissed.

In response, Plaintiff relies on an Intake Questionnaire,

dated July 24, 2006, as evidence that she timely filed a complaint

with the TWC.   *See* Document No. 11 at 2; Document No. 12 at 4.   At

least one Fifth Circuit discussion has held that an unverified

Intake Questionnaire, such as that exhibited by Plaintiff, does not

constitute a proper complaint under the TCHRA.   *See* Harris v.

Honda, 213 Fed. Appx. 258, 261-62 (5th Cir. 2006) (unpublished)

(holding that an intake questionnaire filed within the 180-day

period by a *pro se* complainant did not constitute a charge of

discrimination with the TCHR where the form was not made under oath

and there was no evidence that the questionnaire provided notice to

the defendant that the plaintiff was pursuing a discrimination

claim).   But even if the Questionnaire did constitute a proper

complaint, Defendant argues that Plaintiff has presented no

evidence that she *filed* the Questionnaire with the TWC within 180

days after Plaintiff's termination.   In her unverified response,

Plaintiff asserts that she "filed her complaint on July 24, 2006,"

and refers to the unauthenticated Questionnaire.   *See* Document No.

11 at 2.[2]  Defendant correctly objects to the unsworn statement and

---

[2] Plaintiff in her unverified petition does not allege the date she filed her complaint with the TWC, nor does she allege that the complaint was timely filed.   *See* Document No. 1 ex. 3.

4

unauthenticated Questionnaire on hearsay and authentication grounds. *See* FED. R. EVID. 801, 901. The Questionnaire does not bear a file mark nor otherwise evidence that the Questionnaire was in fact filed with the TWC, but merely reflects the date on which Plaintiff allegedly *signed* the Questionnaire. *See* Document No. 12 at 4. Plaintiff provides no verified evidence that she filed the Questionnaire, or the date of filing, nor other evidence of a file date, such as a date-stamped copy of the Questionnaire or dated acknowledgment of filing from the TWC. Instead, the sole "file-date" evidence before the Court is the date stamp of October 25, 2006, on the verified Charge of Discrimination. In sum, because there is no evidence that Plaintiff timely filed a complaint with the TWC within 180 days after the date of her termination, Plaintiff's TCHRA claims are barred by limitations and must be dismissed. *See, e.g.*, <u>Pegram</u>, 361 F.3d at 281 (providing that "a plaintiff must *file* a charge of discrimination with the EEOC or the TCHR within 180 days after the alleged unlawful employment action" and that "the TCHRA limitations period has been construed as 'mandatory and jurisdictional' under Texas law.") (emphasis added) (quoting <u>Specialty Retailers, Inc. v. DeMoranville</u>, 933 S.W.2d 490, 492 (Tex. 1996)); *see also* <u>Enquita v. Neoplan USA Corp.</u>, 390 F. Supp. 2d 616, 620-21 (S.D. Tex. 2005) (same).

Defendant also argues that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies. "Courts

are only to consider TCHRA claims after the plaintiff has exhausted his administrative remedies." Harris, 213 Fed. Appx. at 261; *see also* Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d 483, 485 (Tex. 1991).   "The exhaustion requirement can be met only two ways: (1) the TCHR does not find reasonable cause and dismisses the complaint; or (2) the TCHR cannot resolve the complaint within 180 days." Jones v. Grinnell Corp., 235 F.3d 972, 975 (5th Cir. 2001) (citing TEX. LAB. CODE ANN. § 21.208); *see also* Wooten v. Fed. Exp. Corp., No. 3:04-CV-1196-D, 2007 WL 63609, at *9 (N.D. Tex. Jan. 9, 2007) (Fitzwater, J.) ("Exhaustion occurs when the complainant files a timely charge with the commission and waits 181 days to file suit.") (quotation and internal alteration omitted).   Here, Plaintiff filed her Charge of Discrimination on October 25, 2006, *see* Document No. 9 ex. A, and then filed this lawsuit on January 26, 2007, which is fewer than 181 days after she filed her Charge. Plaintiff again relies on the unauthenticated, unverified Intake Questionnaire, arguing that the 180-day exhaustion period should run from the date associated with her signature on the Questionnaire.   *See* Document No. 11 at 2.   Again, however, Plaintiff has presented no *evidence* that the Questionnaire was in fact filed and, if filed, the date *when* it was filed.  Because the uncontroverted evidence reflects that Plaintiff filed suit before the expiration of 180 days after the filing of her Charge of Discrimination on October 25, 2006, and because Plaintiff has not

6

shown that TWC dismissed the complaint within those 180 days before Plaintiff filed suit, Plaintiff failed to exhaust her administrative remedies under the TCHRA, and her claims must be dismissed for lack of subject matter jurisdiction.  *See, e.g.,* Wooten, 2007 WL 63609, at *9 (dismissing TCHRA claims for lack of subject matter jurisdiction where plaintiffs did not wait 181 days after filing charges of discrimination before filing suit); Jones, 235 F.3d at 975 (plaintiff failed to exhaust administrative remedies where he "neither received a right to sue letter from the TCHR nor waited 180 days for the TCHR to resolve his complaint," which precluded the civil action).  For the foregoing reasons, it is

ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 9) is GRANTED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 25th day of July, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE